MARTHA M. CAMPBELL et al., Appellants, v. FLORA E.
HUMPHREYS et al., Appellees.

**TRUSTS:** Resulting Trusts—Payment by Husband of Grantee. Any
1 possible presumption of a resulting trust in a husband who pays for
realty conveyed to the wife cannot prevail against the act of the
husband, after the death of the wife, in founding an action in behalf
of himself and his children on the solemn declaration that he and the
children *inherited* the property from the wife and mother. (See Book
of Anno., Vol. 1, Sec. 10049, Anno. 27 *et seq.*)

**TENANCY IN COMMON:** Ouster—Acts Necessary. An ouster may not
2 be predicated on the mere fact that one of several tenants in com-
mon, a father, farmed the premises, to the knowledge of the other
tenants, his children. (See Book of Anno., Vol. 1, Sec. 11007, Anno.
668 *et seq.*)

**PLEADING:** Admissions—Inadvertent Admission. An admission will
3 be disregarded when, from the entire record, it clearly appears to
have been inadvertent. (See Book of Anno., Vol. 1, Sec. 11201, Anno.
32 *et seq.*)

**Headnote 1:** 21 C. J. pp. 1062, 1228. **Headnote 2:** 38 Cyc. pp. 25, 31.
**Headnote 3:** 31 Cyc. p. 90.

**Headnote 1:** 10 R. C. L. 699. **Headnote 2:** 7 R. C. L. 849.

*Appeal from Guthrie District Court.*—W. G. VANDER PLOEG,
Judge.

OCTOBER 26, 1926.

Action in partition. The opinion states the facts.—*Af-
firmed.*

*A. M. Fagan,* for appellants.

*Healy, Thomas & Healy, W. D. Milligan,* and *C. E. Berry,*
for appellees.

VERMILION, J.—The action is for the partition of certain
lands of which, it is alleged, L. J. Campbell died seized. L. J.
Campbell died intestate. The plaintiff Martha M. Campbell is

1. TRUSTS: re-
sulting trusts:
payment by hus-
band of grantee.
his widow, and the plaintiff Clyde Campbell and the defendants are his only heirs at law. The only controversy is as to the interest of L. J. Campbell in one 80-acre tract, and, consequently, as to the respective interests of the parties therein.

The controlling facts are not in dispute. In 1882, the land in controversy was conveyed to Sadie M. Campbell, then the wife of L. J. Campbell. Sadie M. Campbell died intestate, in 1888, holding the legal title to the land, and leaving surviving her her husband, L. J. Campbell, and three children. Such of these children as are living, and the issue of such as are dead, are the defendants here. No administration was had upon the estate of Sadie M. Campbell. In 1899, L. J. Campbell married the plaintiff Martha M. Campbell, and the plaintiff Clyde Campbell is the issue of that marriage.

It is undisputed that L. J. Campbell paid for the land at the time it was conveyed to his first wife, and also that, during all the time following her demise until his own death, he was in the actual or constructive possession of the land.

The claim of appellants is: (1) that, by reason of his having paid for the land, a resulting trust therein arose in favor of L. J. Campbell; or (2) that, by reason of an ouster of his cotenants after the death of the first wife, and his continued possession of the land under claim of right, L. J. Campbell acquired title by adverse possession.

I. Whatever else might be said, there is one uncontroverted fact that furnishes a complete answer to the first of these contentions, and tends strongly to overthrow the second. In 1894, L. J. Campbell, for himself and as next friend for the three minor children of his first wife, commenced an action to quiet their title to a strip of land 24 feet wide off of the west end of the 80 acres in controversy, as against one Walker. In the petition in such action, which was signed and verified by L. J. Campbell, it was alleged that he was the surviving husband of Sadie M. Campbell, deceased; that the other plaintiffs therein were the children of Sadie M. Campbell; and that the plaintiffs therein were all the heirs at law of Sadie M. Campbell, and were tenants in common of the 80-acre tract in question, which they inherited at the death of Sadie M. Campbell.

As against this solemn declaration by L. J. Campbell in his

lifetime, that he and the children of his first wife inherited the land from her, and held it as tenants in common, no claim of a resulting trust in him by reason of his having paid for the land can prevail.

II. The same thing, with only slightly lessened force, must, we think, be said of the claim that there was an ouster by him of his cotenants, and such adverse possession of the land by him as

2. TENANCY IN COMMON: ouster: acts necessary.

could ripen by lapse of time into title. As a cotenant, he was entitled to possession of the land. In *Clarke v. Dirks*, 178 Iowa 335, we said:

"Something must affirmatively appear that indicates a purpose to assert title adverse to the cotenants, knowledge of which is chargeable to the other cotenants, before an ouster can be held to have taken place, and the statute of limitations started, on which title by adverse possession can rest."

It appears that two of the children of the first marriage had left home before Campbell's second marriage, and the third one left shortly after that event. After the second marriage, they all occasionally visited their father. The fact that he was, during that time, to their knowledge farming the land in connection with his other land was not sufficient to charge them with knowledge that he was asserting a claim to the land hostile to their title. The character of Campbell's possession and his manner of dealing with the land are not shown to have been different at any time after he, acting for himself and his then minor children, asserted title in himself and them as cotenants, and quieted their title to a portion of the tract as such, from what it had been before.

III. The case affords no basis for the application of the doctrine of estoppel by laches.

IV. It is contended that some of the defendants in answer admitted an allegation of the petition that L. J. Campbell died seized of the land in controversy, and that, as to them at least,

3. PLEADING: admissions: inadvertent admission.

the plaintiffs were entitled to prevail. At the same time, such answering defendants presented a cross-petition in which they set up their title derived from their mother. To this the plaintiffs replied. The issue in fact tried and decided below was whether the defendants took their interest in the land from their father, as alleged in the petition, or from their mother, as alleged in the cross-peti-

tion. They are not to be deprived of the full interest in the land which they were asserting in the cross-petition, by an admission apparently inadvertently made in the answer, to which attention seems to have been called for the first time in this court.

The decree is right, and it is—*Affirmed.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.